**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN LOUIS DAURIO, | No. 22-15248 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-03299-GMS |
| v. | |
| MIKE FAUST, Director of the Department of Child Safety, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| ARIZONA DEPARTMENT OF CHILD SAFETY; GREG MCKAY; ELIZABETH A. REYNOLDS; JENNIFER PASSMORE; PAULA CARGILL; UNKNOWN PARTIES, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Submitted October 16, 2023[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Daurio appeals from three district court orders. The first granted summary judgment to the Defendants for three claims barred by qualified immunity; the second held that Daurio lacked standing to pursue injunctive relief; and the third denied Daurio's motion to alter or amend the summary judgment order. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

**I**

An order remanding a case to state court after removal for lack of subject matter jurisdiction is "not reviewable on appeal." 28 U.S.C. § 1447(d). The district court colorably characterized its remand for lack of standing as a remand for lack of subject matter jurisdiction. *See Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007); *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994). We do not have jurisdiction to reconsider the district court order determining that Daurio lacked standing and remanding the case to state court. The appeal is dismissed as to that order.

**II**

The district court properly determined that some of Daurio's claims were barred by qualified immunity, because Daurio failed to come forward with any precedent to show that the rights allegedly violated were clearly established at the

2

time of the alleged misconduct.  *See Shooter v. Arizona*, 4 F.4th 955, 961 (9th Cir. 2021) (citing *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991)).

## III

A district court may reconsider its judgment for newly discovered evidence, clear error or manifest injustice, or an intervening change in controlling law.  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  In his motion to alter or to amend the judgment, Daurio did not argue that any of those grounds for reconsideration applied.  The district court did not abuse its discretion by denying the motion.

**AFFIRMED in part and DISMISSED in part**.